IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      ORDER

    v.                                08-CR-195-C

GERALD TRACZYK, JR.

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Gerald Traczyk Jr.'s supervised release was held on May 1, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Grant C. Johnson. Defendant was present in person and by counsel, Erika L. Bierma. Also present was United States Probation Officer Melissa R. Lach.

      From the record and the parties' stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the District of Minnesota on December 18, 2007, following his conviction for conspiracy to distribute MDMA/ecstasy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(c). This offense is a Class C felony. Defendant was

committed to the custody of the Bureau of Prisons to serve a term of imprisonment of twelve months and one day, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on December 12, 2008. On March 21, 2009, defendant violated the statutory condition prohibiting him from committing another state crime when he was arrested for operating while intoxicated (Dunn County Circuit Court Case No. 2009TR002327).

Defendant violated the special condition requiring him to abstain from the use of alcohol when he consumed alcohol on March 21, 2009.

Defendant violated Standard Condition No. 7, requiring him to refrain from the use of controlled substances when he admitted that on March 21, 2009, he used cocaine.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that upon a finding of a Grade C violation the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision.

The parties have stipulated to the disposition of the case. I am satisfied that the proposed disposition is an appropriate response to defendant's violations of supervised release. It will deter defendant from future criminal acts, protect the community and provide defendant a drug-free, structured setting in which he will have an opportunity to maintain sobriety.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 18, 2007, is REVOKED and defendant is sentenced to time served with a 24-month term of supervised release to follow. All previous conditions of supervised release are reimposed and the following special condition is ordered:

> Special Condition: Spend up to 180 days in a residential re-entry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 1st day of May, 2009.

>BY THE COURT:
>/s/
>Barbara B. Crabb
>U.S. District Judge